| | |
|---|---|
| AMANDA DAWN PARKER, | |
| Plaintiff, | |
| v. | Case No. 2:21-cv-00021 |
| FRANK BISIGNANO[1], Commissioner of Social Security | Judge Waverly D. Crenshaw, Jr. Magistrate Judge Luke A. Evans |
| Defendant. | |

To:     The Honorable Waverly D. Crenshaw, Jr., District Judge

## **REPORT AND RECOMMENDATION**

Currently before the Court is Plaintiff Amanda Parker's initial and amended motions for attorney's fees under § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1)—offset by previously awarded fees granted under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)—totaling $31,040.00. (Doc. Nos. 30, 32.) In his response, the Defendant, Commissioner of the Social Security Administration ("SSA"), filed responses to each motion for attorney's fees explaining that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $31,040.00, under 42 U.S.C. § 406(b)." (Doc. Nos. 31, 33.) Briefing is complete and the motions are ripe for consideration.

---

[1]     Frank Bisignano was sworn in as Commissioner of Social Security on May 7, 2025. Press Release, Soc. Sec. Nat'l Press Off., Fin. Servs. Indus. Leader Frank Bisignano to be the 18th Comm'r of Soc. Sec. (May 7, 2025), https://www.ssa.gov/news/en/press/releases/2025-05-07.html [https://perma.cc/VSC6-YCLM] (last visited Sep. 24, 2025). Under Federal Rule of Civil Procedure 25(d), Bisignano is automatically substituted as the defendant in this action. Fed. R. Civ. P. 25(d).

For the reasons that follow, the Magistrate Judge will recommend that Plaintiff's amended motion for attorney's fees (Doc. No. 32) be Granted and that her initial motion for attorney's fees (Doc. No. 30) be Denied as Moot.

## I.       Relevant Background

On May 24, 2021, Plaintiff initiated an action in this district for review of Defendant's decision denying Plaintiff's application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (Doc. No. 1.) On September 13, 2021, Plaintiff moved for judgment on the administrative record and asked this Court to reverse the Defendant's final decision and remand the matter to the SSA for further proceedings. (Doc. Nos. 19, 20.) In response, Defendant filed a motion to remand the case to the SSA for further evaluation (Doc. No. 22.) Plaintiff did not oppose the motion and, on April 22, 2022, the Court subsequently issued an order reversing Defendant's decision, remanding the matter to SSA, and dismissing Plaintiff's action. (Doc. No. 25.)

On July 15, 2022, Plaintiff filed an unopposed motion for $7,200.00 in attorney's fees under the EAJA as the prevailing party. (Doc. No. 27.) Defendant did not object and joined in asking the Court to award Plaintiff the entire requested amount of $7,200.00. (Doc. No. 28.) The Court granted the unopposed motion on August 9, 2022. (Doc. No. 29.)

On remand, the SSA Appeals Council further remanded Plaintiff's claims to an administrative law judge ("ALJ") for further proceedings, after which Plaintiff ultimately prevailed. (Doc. No. 30.) Ultimately, SSA calculated that Plaintiff was entitled to $132,390.00 in total past due benefits (Doc. No. 32-1) and that Plaintiff's dependent was entitled past due benefits totaling $64,212.25 (Doc. No. 32-2). Consistent with the contingent fee representation agreement between Plaintiff and counsel, counsel seeks to recover attorney's fees totaling $31,040.00. (Doc. No. 32.)

2

## II. Legal Standard

The EAJA directs that a court "shall award to a prevailing party other than the United States fees and other expenses" in civil actions including "proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The court has "broad discretion" to determine whether fees should be awarded under the statute. *Miller v. Berryhill*, 393 F. Supp. 3d 738, 742 (M.D. Tenn. 2019) (citing *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014).

"Whenever a court renders a judgment favorable to a claimant [in an action before the Commissioner of Social Security] . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). This statutory fee cap represents Congress's balancing of the competing goals of protecting financially vulnerable benefits claimants from paying excessive attorney's fees in disability benefits actions and encouraging attorneys to provide effective representation to individuals pursuing such claims. *Rodriquez v. Bowen*, 865 F.2d 739, 744 (6th Cir. 1989). The Supreme Court has concluded that the "reasonable fee" provision may include contingency fee agreements and directs lower courts to "review [ ] such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Counsel seeking the award bears the burden of demonstrating the reasonableness of the amount requested. *Id*.

 In the Sixth Circuit, there is a rebuttable presumption that fee agreements that comply with § 406(b)'s 25% cap are reasonable. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). That presumption is "subject, however, to a 'floor': 'a hypothetical hourly rate that is less

3

than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Kaye v. Saul*, No. 3:16-CV-002878, 2020 WL 3964205, at *3 (M.D. Tenn. July 10, 2020) (quoting *Lasley*, 771 F.3d at 309). If a requested rate exceeds the presumptive "floor," the court must determine if the rate is nonetheless reasonable by considering factors "such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases," among others. *Id.* The Sixth Circuit directs that deductions from a 25-percent award should "generally fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746.

### III.     Analysis

Here, the Court finds that Plaintiff's request is presumed reasonable because it is based on a contingency fee agreement and does not exceed 25%-cap ($31,040.00 in requested fees is approximately 15.8% of total past due award of $196,602.25 for Plaintiff and her dependent). *Lasley,* 771 F.3d at 309. Although this presumption is rebuttable, Defendant plainly states that he "neither supports nor opposes [Plaintiff's] counsel's request for attorney's fees in the amount of $31,040.00[.]" (Doc. No. 33 at 1.)

Defendant does correctly note that, where attorney's fees are awarded under EAJA and § 406(b) as seen here, "the attorney must refund the smaller fee awarded . . . ." (*Id.* at 2.) But, the parties are in agreement that the $7,200.00 in fees awarded under EAJA should be refunded to Plaintiff as the smaller of the two amounts. (*Id.*); (Doc. No. 32-3.)

Under the circumstances, the Court finds that the requested attorney's fees are reasonable and absent Defendant's objection or any other reason to depart from the provisions set forth by

§ 406(b), the Court finds that Plaintiff's amended motion for attorney's fees should be granted. As a result, Plaintiff's initial motion predating the information regarding Plaintiff's dependent's past due benefits (Doc. No. 30) should be denied as moot.

**IV.  Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Plaintiff's amended motion for attorney's fees (Doc. No. 32) be GRANTED and that Plaintiff's initial motion for attorney's fees (Doc. No. 30) be DENIED AS MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 13th day of March, 2026.

LUKE A. EVANS
United States Magistrate Judge